IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT F. SKEFFERY, 18204-298,           )
    Petitioner,                        )
                                        )
    v.                                  )  2:11-cv-296
                                        )
COMMONWEALTH OF PENNSYLVANIA,             )
et al.,                                   )
    Respondents.                        )

REPORT and RECOMMENDATION

I.    Recommendation:

It is respectfully recommended that the petition of Robert F. Skeffery for a writ of habeas corpus be dismissed for lack of a showing that the petitioner is "in custody" on the charges which he seeks to challenge here; because his petition is time barred and because he has failed to exhaust state court remedies. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, it is also recommended that a certificate of appealability be denied.

II.    Report:

Robert F. Skeffery, an inmate at the Federal Metropolitan Correctional Center in San Diego, California has presented a petition for a writ of habeas corpus. While not clear, it appears that the petitioner is presently incarcerated by INS awaiting deportation.[1] It is not the latter events which he seeks to challenge here, but rather his conviction, upon a plea of guilty to misdemeanor charges of intentional possession of a controlled substance at No. CP-02-CR-6321-1999 in the Court of Common Pleas of Allegheny County, Pennsylvania. On July 13, 2000, he

---

[1] According to petitioner's Memorandum in support of the instant petition, he had apparently been deported and is presently incarcerated on charges of illegal re-entry into the United States. See: Memorandum at p.5. In addition, in Civil Action 3:05-cv-2 filed in this court, at Document No.17, it is represented that original deportation against the petitioner commenced on December 20, 1990 and that he was deported on July 18, 1996, all of which occurred prior to the instant offense.

1

was sentenced to nine months of probation.[2] From the petition, it appears that no appeal was pursued, and this conclusion is confirmed by the Docket Sheet of the Court of Common Pleas.[3]

In support of the instant petition, Skeffery contends he is entitled to relief on the following grounds:

> I. [Petitioner] failed to file a 2254 Motion within the one year judgment 28 U.S.C. 2244(c) and (d) due to the recent Supreme Court decision in Padilla v. Kentucky, [130 S.Ct.1473] (2010) giving equitable tolling and an exceptional circumstance pertaining to this petition.[4]
>
> II. [Petitioner's] Sixth Amendment right to effective counsel was violation by counsel's error's omissions, neglect and misrepresentation… as to the deportation consequences of a guilty plea…

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[2] See: Petition at ¶¶1-6.
[3] See; Petition at ¶8 and the Docket Sheet which is appended to the answer. It is also noted on the docket sheet that on July 17, 2000, petitioner's request for return of property/monies was granted.
[4] In Padilla, the Supreme Court of Kentucky had held that improper advice regarding possible deportation as a result of a plea was not ineffective assistance of counsel in that the deportation is a "collateral" consequence of the conviction. In rejecting this conclusion the United States Supreme Court wrote at p.1487 that after the petitioner had unsuccessfully sought post-conviction relief in the state courts on his claim that his counsel was ineffective for failing to advise him that if he pled guilty to state charges he would be subject to deportation and that "constitutionally competent counsel would have advised him that his conviction for drug distribution made him subject to automatic deportation." Accordingly, the Court reversed the denial of post-conviction relief but the issue of prejudice, if any, was left for the state courts to consider on remand.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or

3

> unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

In the instant case, the petitioner by his own admission never sought relief in the courts of the Commonwealth and is now procedurally barred from doing so. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to exhaust the available state court remedies on these issues and no further consideration of these issues is warranted here.

We also note that § 2254 requires that a habeas petitioner be "in custody". The latter requires that a petitioner experience some restraints on his liberty as a result of the conviction. Leyva v.Williams, 504 F.3d 357 (3d Cir.2007). In the instant case, Skeffery was sentenced to a nine month probationary sentence in 2000, and there is nothing in the record here to suggest that that sentence has not expired and that as a consequence he is experiencing any restraint on his liberty as a result of the Allegheny County conviction.

Additionally, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case Skeffery's conviction became final on August 12, 2000 when the time in which to appeal expired.[5] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was executed on January 24, 2011 or over ten years after it could have been submitted. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

It appears that the petitioner is now alleging that as a result of <u>Padilla</u> the time bar should not be imposed. In support of this claim he alleges that counsel was ineffective at the time of plea and sentencing in not advising him that his conviction might be used against him in deportation proceedings. In support of this argument he contends that the holding in <u>Padilla</u> constitutes new law and for this reason he is entitled to proceed here. Unfortunately, his reliance is misplaced. While the Court in <u>Padilla</u> did conclude that counsel was ineffective for failing to advise Padilla of the collateral consequences of a plea, in <u>United States v. Orocio</u>, 2011 WL 2557232 (3d Cir.), the Court held that <u>Padilla</u> did not announce a "new rule" of law but rather was applicable in support of a claim of ineffective assistance of counsel. However, unlike <u>Orocio</u> which resulted from a 2004 plea in federal court, in the present case Skeffery seeks to challenge a plea entered in 2000 in the courts of the Commonwealth which have never had the opportunity to review his claim of ineffective counsel and are now barred from doing so. In addition, as noted above, it is not the petitioner's deportation as a result of the conviction which he seeks to

---

[5] Rule 903, Pa.R.App.P.

5

challenge here, but rather his illegal re-entry into the United States which is not based on his conviction but rather on his subsequent actions in illegally re-entering.

Thus, because the petitioner is not "in custody" as a result of his 2000 plea; he has never raised the claim of ineffective assistance of counsel in the courts of the Commonwealth and for this reason has defaulted in pursuing his state court remedies, and because his claim here is time barred, it is recommended that the petition of Robert F. Skeffery for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: August 17, 2011                     United States Magistrate Judge