IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT F. SKEFFERY,** | ) | |
| Petitioner, | ) | 2:11cv296 |
| | ) | **Electronic Filing** |
| v. | ) | |
| | ) | |
| **COMMONWEALTH OF** | ) | Judge Cercone |
| **PENNSYLVANIA,** et al. | ) | Magistrate Judge Mitchell |
| Respondents. | ) | |

## MEMORANDUM ORDER

On March 7, 2011, Robert F. Skeffery filed a petition for writ of habeas corpus,

challenging his conviction, upon a plea of guilty, to misdemeanor charges of intentional

possession of a controlled substance and the sentence of nine months of probation, imposed by

the Court of Common Pleas of Allegheny County on July 13, 2000. The essence of the petition

is that this long-expired conviction is being used to support his detention by the Immigration and

Naturalization Service (INS) and that he was denied the effective assistance of counsel when he

was not informed of the deportation consequences of a guilty plea, in violation of Padilla v.

Kentucky, 130 S.Ct. 1473 (2010).

On August 17, 2011, Magistrate Judge Mitchell filed a Report and Recommendation

(Docket No. 14), in which he recommended that the petition be dismissed for the following

reasons: 1) the petition is time barred because Petitioner did not seek relief for over ten years

after his conviction became final on August 12, 2000; 2) Petitioner is not "in custody" with

respect to the conviction he is challenging; and 3) he has failed to exhaust state court remedies.

On September 23, 2011, Petitioner filed objections to the Report and Recommendation (Docket

No. 16).

In his objections, Petitioner moves for the issuance of a writ of coram nobis which, he

contends, is not subject to the procedural bars of timeliness and the "in custody" requirement.

However, the Court of Appeals for the Third Circuit has held that "coram nobis is not available

in a federal court as a means of attack on a state court criminal judgment." Obado v. State of

New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). The court concluded that the petitioner "can seek

coram nobis relief only in state court." Id. Not surprisingly, all of Petitioner's citations are to

federal cases brought by prisoners attacking federal convictions outside of the limitations of 28

U.S.C. § 2255. They do not provide Petitioner with an exception to the exhaustion requirement,

nor do they support his claim to pursue a writ of coram nobis in federal court attacking a state

court conviction.

AND NOW, this _6th_ day of ~~September~~ October, 2011,

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner Robert F.

Skeffery (Docket No. 1) is dismissed and, because reasonable jurists could not conclude that a

basis for appeal exists, and a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk shall mark this case CLOSED.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty

(30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

IT IS FURTHER ORDERED that the Report and Recommendation filed by

Magistrate Judge Mitchell on August 17, 2011 is adopted as the opinion of this Court, as

supplemented herein.

David Stewart Cercone
United States District Judge

2

cc:    Robert F. Skeffery
       18204-298
       Metropolitan Correctional Center
       808 Union Street
       San Diego, CA 92101
       *(Via First Class Mail)*

       Rusheen R. Pettit, Esquire
       *(Via CM/ECF Electronic Mail)*